UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:19 CR 379 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Jason Moore, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Jason Moore's Motion to Vacate Plea (Doc. 48). For the following reasons, the motion is DENIED.

**Facts**

Defendant was charged on June 19, 2019, with Conspiring to Possess with the Intent to Distribute cocaine, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1); and with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §

1

924(c)(1)(A)(i).

The Final Presentence Investigation Report sets forth the factual background. On April 4, 2019, Cleveland Police initiated a traffic stop on a vehicle driven by defendant. Due to the defendant's movements and the odor of marijuana, an additional officer responded to the scene and the defendant was asked to exit the vehicle. After securing the defendant and a passenger, the officers inspected the interior of the vehicle for the source of the marijuana odor. Marijuana crumbs were discovered on the driver-side floorboard. A black and grey bag containing a kilogram of suspected cocaine was discovered behind the passenger seat. After defendant and the passenger were advised of their *Miranda* rights and transported from the scene, the vehicle was searched. A loaded firearm was discovered. While being interviewed, defendant reported that the firearm was his and the cocaine was left in his vehicle by "Harvey."  Defendant also reported that he had a bag of marijuana inside of his pants. A Computerized Criminal History (CCH) query on defendant revealed that he had prior felony convictions in the Cuyahoga Common Pleas Court for Drug Trafficking in 2007 and 2009. (Doc. 43)

On January 8, 2020, this Court held a change of plea hearing wherein defendant withdrew his formerly-entered plea of not guilty to the four-count indictment, and entered a plea of guilty. (Doc. 50) The Court acknowledged that the plea was an 11(c)(1)(C) agreement, meaning that once accepted, the Court was bound to the agreed sentence. Therein, defendant and the government agreed to a sentence of 144 months. The Court stated that acceptance of the agreement would be deferred pending referral to the Probation Department for a presentence investigation report. *Id.* A sentencing date was set for April 21, 2020.

Although the plea agreement indicated that defendant could be a Career Offender, the first Presentence Investigation Report, docketed on March 11, 2020, stated that the Probation Officer determined that defendant was not such.  (Doc. 41 p. 14) As no objections were filed to the report, the Final Presentence Investigation Report was entered on April 7, 2020.

Due to the crisis presented by Covid-19, defendant's sentencing date was continued by the Court to June 18, 2020.  This matter is now before the Court upon defendant's Motion to Vacate Plea.

**Discussion**

Pursuant to Fed.R.Crim.P. 11(d)(2)(B), "A defendant may withdraw a plea of guilty... after the court accepts the plea, but before it imposes sentence if:... the defendant can show a fair and just reason for requesting the withdrawal." "A defendant has no right to withdraw his guilty plea, and he has the burden of showing 'a fair and just reason for requesting the withdrawal.' " *United States v. Martin,* 668 F.3d 787 (6th Cir. 2012) (citing Rule 11(d)(2)(B); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir.2006)).  "Fair and just reason is determined at the discretion of the district court, which should consider certain factors as set forth in *United States v. Bashara* 27 F.3d 1174, 1181 (6th Cir. 1994): (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *Id.*

Defendant argues that he entered into the 11(c) plea agreement after being advised by his counsel that he would otherwise be deemed a Career Offender.  Defendant maintains that after the preparation of his Presentence Investigation Report, the Sixth Circuit's decision in *United States v. Cavazos*, 950 F.3d 329 (6th Cir. 2020), and a subsequent conversation with the AUSA on an unrelated matter, defense counsel realized that defendant does not qualify as a Career Offender.  As a consequence, a mandatory minimum of ten years (120 months) would apply. Defendant asserts that *Cavazos* constitutes a change in the law, warranting a fair and just reason to withdraw his plea.  Defense counsel states that he attempted to amicably resolve this issue by requesting that the government agree to reduce the 11(c) agreement to 120 months.  But, the request was rejected.

For the following reasons, the Court finds that defendant's position is not persuasive.

Initially, defendant's argument regarding a change in the law seems to be disingenuous. Defendant cites to *Cavazos, supra,* decided by the Sixth Circuit on February 12, 2020- about a month after defendant's change of plea and about a month before the first Presentence Investigation Report was completed.  Defendant did not attempt to withdraw his plea at that point based on the change in law.  The motion was not filed until June 3, 2020.

Moreover, defendant does not explain the implications of *Cavazos*.  The government points out that while *Cavazos* recognized that statutes that criminalize offers to sell controlled substances are too broad to categorically qualify as predicate "controlled substance offenses," the Sixth Circuit had decided *United States v. Havis,* 927 F.3d 382 (6th Cir. 2019), before defendant's change of plea hearing.  *Havis*, decided in June 2019, made clear that § 4B1.2's definition of "controlled substance offenses" does not include attempt crimes.  That case

4

instigated challenges to Ohio Revised Code § 2925.03(A)(1) convictions which argued that "offers to sell" amount to attempt crimes. The *Havis* court subsequently denied the government's motion for reconsideration, but addressed "the difference between completed offenses and attempted offenses" in a concurring opinion *United States v. Havis,* 929 F.3d 317 (6th Cir. 2019) (denying en banc reconsideration)(Sutton, J. concurring) That opinion explained that only incomplete, or attempt offenses, were invalidated by the court's original opinion. The government recognizes that while *Cavazos* forecloses that argument, it did not address the distinction between completed and incomplete attempt offenses.

Regardless of whether defendant was aware of the fluctuation of the law surrounding career offender predicates as discussed above, the government demonstrates that the *Cavazos* decision was not the reason that the Probation Department determined in March 2020, that defendant did not qualify as a Career Offender. Rather, the government's counsel states that he had a conversation with the Supervising U.S. Pretrial and Probation Officer who indicated that the Probation Department considers convictions for Ohio Revised Code § 2925.03(A)(1), the "sale or offer to sell" offense, as qualifying as Career Offender predicates. But, defendant's relevant conviction did not qualify as a Career Offender predicate because it fell outside of the applicable time period for scoring offenses by about one month. The *Cavazos* decision had no bearing on the Probation Department's calculations in defendant's case.

Thus, as discussed above, defendant was aware of the possibility of being deemed a Career Offender, and the February 2020 *Cavazoz* decision does not constitute a change in law

which would justify vacating the plea.[1]

Furthermore, while acknowledging that courts apply the list of factors in determining whether there is a fair and just reason to withdraw the plea, defendant does not address or satisfy the factors.  For the following reasons, the Court finds that the factors weigh against vacating the plea.

**(1) the amount of time that elapsed between the plea and the motion to withdraw it**

The change of plea was made on January 8, 2020, and the Motion to Vacate Plea was filed June 3, 2020. Thus, almost 150 days lapsed. As the government points out, shorter lengths of time have been found by courts to be excessive.  (Doc. 51 at 13) Moreover, even if defendant had considered *Cavazos* to be a change in the law, he waited more than 110 days to file his motion.  This factor weighs against withdrawal.

**(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings**

Defendant does not provide any reason for why he waited to seek withdrawal of the plea. Defense counsel states only that a conversation with the AUSA and the decision in *Cavazos* made him realize that defendant was no longer considered a Career Offender. But, as discussed above, this is questionable.

**(3) whether the defendant has asserted or maintained his innocence**

---

[1] The government additionally asserts that after the Motion to Vacate Plea was filed, a conversation was had with defense counsel wherein the government offered to resolve the case by amending the sentence to 120 months. But, the offer was rejected.  Defense counsel showed that a change in law was not the basis for the desire to vacate the plea, but rather a wish to "roll the dice" by seeking suppression.

6

As noted in the facts above, and discussed more fully in the government's brief (Doc. 51 at 15), defendant has not maintained his innocence.

**(4) the circumstances underlying the entry of the guilty plea**

Defendant does not allege any default in the nature of the change of plea proceedings, and the record shows none. This factor weighs against defendant.

**(5) the defendant's nature and background**

The government argues that defendant's educational background shows he knew the consequences of his plea. As the Court noted in its previous Order denying the government's Motion to Revoke Order of Release, defendant's "history of non-violence, employment, and familial relationships weigh in his favor." (Doc. 20) On the whole, this factor does not weigh against defendant.

**(6) the degree to which the defendant has had prior experience with the criminal justice system**

Defendant has had two prior criminal convictions resulting in guilty pleas and, thus, has prior experience with the criminal justice system.

**(7) potential prejudice to the government if the motion to withdraw is granted**

As defendant has not established a fair and just reason for vacating his plea, the government has reserved any arguments as to prejudice.

Accordingly, the relevant factors do not weigh in favor of defendant vacating his plea.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Plea is denied.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Court
                                        Chief Judge

Dated: 6/23/20