**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 1:19 CR 379** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jason Moore, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Reconsideration of the

Court's Memorandum of Opinion and Order Denying Defendant's Motion to Vacate Guilty Plea

(Doc. 60). For the following reasons, the motion is DENIED.

**Facts**

Defendant was charged in a four count indictment in June 2019. The underlying facts,

previously set forth by the Court, will not be restated here. (Doc. 58) On January 20, 2020, the

Court held a change of plea hearing wherein defendant's plea of guilty was accepted, and the

1

Court deferred acceptance of the 11(c)(1)(C) agreement pending referral for a presentence investigation report. In June 2020, defendant moved to vacate his plea. The Court denied the motion.

This matter is now before the Court upon defendant's Motion for Reconsideration of the Court's Memorandum of Opinion and Order Denying Defendant's Motion to Vacate Guilty Plea.

**Discussion**

Asserting the following arguments, defendant asks the Court to reconsider the denial of the previous request to vacate the plea. First, defendant maintains that Federal Rule of Criminal Procedure 11(d)(1) applies and that because the Court deferred acceptance of the plea agreement, withdrawal should be allowed. Second, defendant argues that withdrawal should be permitted under Federal Rule of Criminal Procedure 11(d)(2) because a fair and just reason exists. In particular, the time which lapsed between the issuance of the presentence investigation report and the filing of the motion to vacate was justified by the fact that the parties were engaged in negotiations over the sentence, the plea was not intelligently made given the career offender enhancement error, and defendant is not "rolling the dice" in wishing to pursue suppression. Third, defendant asserts that the Court should exercise its discretion and reject the 11(c)(1)(C) plea agreement.

Courts in this Circuit have recognized that "while a motion for reconsideration is not mentioned in the Federal Rules of Criminal or Civil procedure, it serves a legitimate and valuable role in certain situations." *United States v. Calabrese,* 2012 WL 6553113 (N.D.Ohio December 14, 2012) (citations omitted). Accordingly, "In criminal cases, the court evaluates a motion for reconsideration under the same standards applicable to a motion to alter or amend judgment under

2

Fed.R.Civ.P. 59(e)." *Id* . (citation omitted) *See also United States v. Thomas,* 2020 WL 3511585 (W.D.Ky. June 29, 2020) ("The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).") (citations omitted)

As such, Federal Rules of Civil Procedure 59(e) provides that a party may move a court to alter or amend its judgment on the basis that there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). A "motion to reconsider should not be used to re-litigate issues previously considered." *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed.Appx. 668, 671 (6th Cir. 2003).

Defendant does not move on the grounds set forth for evaluating motions to reconsider. Even so, the Court does not find defendant's arguments to justify reconsideration.

Defendant's argument under Crim. Rule 11(d)(1) was not presented in the original motion where defendant had argued that a fair and just reason existed pursuant to Crim. Rule 11(d)(2)(B)[1].  (See Doc. 48 at 2-3) Regardless, the record is clear that at the change of plea

---

[1]     Criminal Rule 11(d) provides:  **Withdrawing a Guilty or Nolo Contendere Plea**. A defendant may withdraw a plea of guilty or nolo contendere:
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
> (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal.

hearing, this Court accepted defendant's plea of guilty, but deferred acceptance of the plea

agreement:

> THE COURT: Sir, I do in fact find there to be a factual basis for your plea of guilty, and I accept your plea of guilty.
>
> I will defer decision on acceptance of the (c) agreement until after I refer your matter to the Probation Department for a presentence investigation report, and I review it.
>
> And so I will announce my decision at the time of a scheduled sentencing, in anticipation that I will be accepting it.

(Doc. 50 at 12-13).  Thus, the Court appropriately employed the "fair and just" standard for

analyzing whether defendant may withdraw his plea.

Next, defendant argues that his plea was not knowing and voluntary.  Again, defendant

did not argue in his original motion, as he does now, that his plea was unknowingly made because

"he incorrectly understood his guideline range would be significantly higher as a result of a career

offender enhancement that no longer applies." (Doc. 60 at 1) But, the record shows that the plea

was voluntary and knowing, and the Court previously found no default in the nature of the change

of plea proceedings. (Doc. 58 at 7)

Finally, defendant asks the Court to exercise its discretion and reject the plea agreement.

Although the Court usually accepts the plea agreement at the time of sentencing, it will do so now

as there is no basis to reject it.  The Court has reviewed the presentence investigation report and

briefing and finds the plea agreement to be fair and just. The Court agrees with the government

that defendant's proposed reasons show that he regrets his decision to enter into the plea

agreement. The original briefing demonstrates that both parties discussed and negotiated, and the

---

4

government did agree to, a sentence of 120 months rather than the previously agreed upon 144 months.  The fact that defendant has rejected the 120 months minimum sentence shows that he would rather proceed on a motion to suppress and "roll the dice" on the outcome.  Clearly, this is not an issue of whether or not defendant is classified as a career offender, but rather remorse for entering a plea of guilty regardless of the sentence.

For these reasons, the Court declines to alter its original decision denying the motion to vacate the plea, and the Court accepts the plea agreement.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion for Reconsideration of the Court's Memorandum of Opinion and Order Denying Defendant's Motion to Vacate Guilty Plea is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated:  7/6/20

5